**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **DUNWOODY LABS, INC., and** | : | **Case No. 22-53775-JWC** |
| **GEZIM AGOLLI,** | : | **Case No. 22-53776-JWC** |
| | : | |
| Debtors. | : | **Case No. 22-53775-JWC** |
| | : | |

**NOTICE OF MOTION TO ESTABLISH PROCEDURES FOR MONTHLY
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS,
<u>SUBJECT TO OBJECTION</u>**

Dunwoody Labs, Inc., and Gezim Agolli (collectively, "Debtors") filed their *Motion To Establish Procedures For Monthly Compensation And Reimbursement Of Expenses Of Professionals* (the "Motion") on June 17, 2022.  Pursuant to Second Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within **twenty-one (21) days from the date of service of this notice.  If you object to the relief requested in the Application, you must timely file your objection with the Bankruptcy Clerk at Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303 and serve a copy on the Debtor's attorney Paul Reece Marr, Esq., Paul Reece Marr, P.C., 1640 Powers Ferry Road, Building 24, Suite 350, Marietta, Georgia 30067 and any other appropriate persons by the objection deadline.**  The response or objection must explain your position and be actually received by the Bankruptcy Clerk with the required time.

**A hearing on the pleading has been scheduled for July 28, 2022.  The Court will hold an initial telephonic hearing for announcements on the Application at the following number: Toll Free Number 833-568-8864, Meeting ID 160 459 5648, at 11:00 A. M. in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.**

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one (1) business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with our attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**

This 17th day of June, 2022.

PAUL REECE MARR, P.C.
Counsel for the Debtor

/s/ Paul Reece Marr
Georgia Bar No. 471230
1640 Powers Ferry Road
Building 24, Suite 350
Marietta, GA 30067
Telephone: 770-984-2255
Email: paul.marr@marrlegal.com

2

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **DUNWOODY LABS, INC., and** | : | **Case No. 22-53775-JWC** |
| **GEZIM AGOLLI,** | : | **Case No. 22-53776-JWC** |
| | : | |
| Debtors. | : | **Case No. 22-53775-JWC** |
| | : | |

**MOTION TO ESTABLISH PROCEDURES FOR MONTHLY COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

COME NOW Dunwoody Labs, Inc., and Gezim Agolli (collectively, the **"Debtors"**), as debtors in possession in the above-captioned bankruptcy case, and hereby file this *Motion To Establish Procedures For Monthly Compensation And Reimbursement Of Expenses Of Professionals*. In support hereof, the Debtors respectfully show as follows:

1.    On May 17, 2022 (the **"Petition Date"**), the Debtors filed their separate voluntary petitions for relief under Chapter 11 Subchapter V of Title 11 of the United States Code (the **"Bankruptcy Code"**) through the offices of Paul Reece Marr, P.C. In accordance with §§1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to control and manage their affairs as debtors in possession. Pursuant to Orders entered May 20, 2022, the bankruptcy cases have been procedurally consolidated with the case of Dunwoody Labs, Inc., Case No. 22-53775-JWC, serving as the lead case. Cameron M. McCord has been appointed Subchapter V trustee. No creditors' committee has been appointed.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  On May 26, 2022, the Debtors filed an application [Doc. No. 36] seeking entry of a
Court order authorizing the Debtors to employ the law firm of Paul Reece Marr, P.C. as their
bankruptcy counsel.  And on June 17, 2022, the Debtors filed an application [Doc. No. 57]
seeking entry of a Court order authorizing the Debtors to employ the law firm of
MendenFreiman LLP as tax counsel.   Additionally, the Debtors may need to retain other
professionals as this case progresses (each a "**Professional**").

4. Pursuant to this Motion, Debtors seeks an entry of an order, in form substantially as
attached hereto as **Exhibit "A"**, authorizing certain procedures by which professionals approved
under Section 327 of the Bankruptcy Code by the Court in this case (the "**Professionals**") may
obtain monthly payment of their fees and expenses after informally submitting their invoices on
a monthly basis to parties in interest, including the office of the United States Trustee, the
SubChapter V trustee, and all parties who have filed a notice of appearance in the case within
three.  Under the proposed procedures, the Professionals would be paid the fees and expenses to
which no objection is received.

5.  Pursuant to 11 U.S.C. § 331, a debtor's attorney may apply to the court not more than
once every 120 days after an order for relief in a case under this title, unless the Court authorizes
applications for interim compensation more frequently. 11 U.S.C. § 331 ("A...debtor's attorney,
or any professional person employed...may apply to the court not more than once every 120
days..., *or more often if the court permits*, for such compensation for services rendered before
the date of such an application or reimbursement for expenses incurred before such date...")
(emphasis added).

6.  The Debtors believe that the relief requested in this Motion will streamline the
professional compensation process and enable the Court, creditors, the U.S. Trustee, the
SubChapter V trustee, and all other parties in interest to monitor the professional fees incurred in
this case more effectively by providing for more frequent disclosure of services provided and the
related fees and expenses incurred.  Additionally, more frequent authorization of reimbursement
of Professionals will minimize the financial hardships that may otherwise result from
Professionals devoting substantial amounts of time to services in the above-captioned case for
which they would otherwise not be compensated for a minimum of approximately 5 months

4

(consisting of the 120-day default period between applications and approximately one month for court approval after notice and hearing).

    7. The requested fee procedures are as follows:

        a. With the exception of Professionals performing services on the basis of a flat fee authorized by this Court at the time of such Professionals' engagement, all Professionals employed in this case, whether upon a time basis, a deposit basis, or for a contingent fee, shall keep detailed records of all time and expenses expended in connection with the case in accordance with Section 330 of the Bankruptcy Code and the fee application guidelines published by the United States Trustee, including the requirement of itemizing professional time charges following a project billing format.

        b. Each Professional would be permitted to serve on Debtors, counsel for the Debtors (in the situation of Professionals such as appraisers, accountants, or other professionals after authorization of retention by the Court), the Office of the United States Trustee, the SubChapter V trustee, and any other party in interest requesting service of fee statements, an itemized statement of fees and expenses incurred by the Professional, reflecting the person providing such services, a detailed description of such services, and time related to each specific service in increments of one-tenth of an hour, which may be served not more than once per month (a "**Monthly Statement**"). The Professional would then provide copies thereof (via email) to the United States Trustee, the SubChapter V trustee, and all parties who have filed a notice of appearance in the case.

        c. Any party receiving such a Monthly Statement shall have 14 days from the date of service within which to serve upon the Professional applying for such compensation, and upon Counsel for Debtors, the United States Trustee, the SubChapter V trustee, and any parties in interest who have requested service of notices of fee statements in this case, written objections, which shall specifically identify the time or expense objected to and shall state the reason(s) for such objection. Objections may be served by email or by regular mail, but if served by regular mail, such objection must be received within 14 days from the date of service of the Monthly Statement.

d. If no written objection is received to a Monthly Statement within 14 days of service, as stated above, then the Professional shall file a Notice Regarding Certificate of No Objection with the Court (substantially in the form of **Exhibit "1"** attached to the proposed order). Upon filing of the Certificate, Debtors (or a non-debtor third party affiliated with Debtors) may pay the fees and expenses (to which no objection is filed) subject to the terms of the Order granting this motion. If a written objection to the Monthly Statement is timely served, then, after the expiration of the 14 day notice and objection period, the portion of the Monthly Statement which is not in dispute shall nevertheless be paid by the Debtors (or setoff from existing retainers). The portion of the Monthly Statement which is in dispute shall not be paid unless and until an order of the Court directs such payment or until such objection is withdrawn.

e. Professionals shall submit to the Court periodic Applications for interim compensation in accordance with Section 331 of the Bankruptcy Code, wherein the Professional shall provide the billing information required by the United States Trustee's guidelines for all services performed prior to such date. Professionals shall serve a copy of such Applications in accordance with Bankruptcy Rule 2002(a)(6) upon the appropriate parties. Objections by any party-in-interest to any such application and requested compensation shall be in writing and shall be served upon counsel for the Debtors, the Professional, the United States Trustee and the SubChapter V trustee within 21 days of service of the Application. Any objection which is not so timely filed shall be waived. If no objection is timely filed, the Court may enter an order granting the Application in accordance with the Second Amended and Restated General Order No. 24-2018.

f. All compensation is subject to final allowance in accordance with Section 330 of the Bankruptcy Code.

g. In the case of any Professional compensated other than on a time-billing basis, such Professional shall nevertheless file reports of all time expended and expenses incurred along with a disclosure of all amounts paid by the Debtors on account thereof, at the same intervals and in the same manner as required of Professionals employed upon the basis of time billing.

6

h. Interim payments received in accordance with the procedures outlined above shall be applied to the fees and expenses itemized, subject to disgorgement or offset if such fees are not approved by the Court upon a hearing on a final fee application as to reasonableness of amount of total compensation.

8. Section 331 of the Bankruptcy Code, which generally permits professionals to file fee applications every 120 days, expressly contemplates that professionals may be compensated more frequently "if the court permits." Courts in this and other districts regularly allow professionals to seek and receive compensation on a monthly basis. *See, e.g.*, *In re Star Chain, Inc., et al.*; Chapter 11 Jointly Administered Case No. 19-65768-WLH (Bankr. N.D. Ga. July 1, 2020); *In re Pike Nursery Holding, LLC*, Case No. 07-79129 (Bankr. N.D. Ga. Nov. 14, 2007); *In re Allied Holdings, Inc.*, Case Nos. 05-12515 – 05-12537 (Bankr. N.D.Ga. Aug. 24, 2005); *In re Metalforming Techs., Inc.*, Case No. 05-11697 (MFW) (Bankr. D. Del. July 18, 2005); *In re Am. Online Latin Am., Inc.*, Case No. 05-11778 (MFW) (Bankr. D. Del. July 14, 2005); *In re Rhodes*, Case Nos. 04-78434 – 04-78436 (Bankr. N.D. Ga. Nov. 8, 2004); *In re The New Power Co.*, Case No. 02-10835 (Bankr. N.D. Ga. July 25, 2002); *In re Centennial HealthCare Corp.*, Case No. 02-74974 (Bankr. N.D. Ga. Feb. 6, 2003).

9. Accordingly, it is within the Court's discretion to approve a request for authority for professionals to file applications for interim compensation in less than 120-day intervals and establishing procedures for seeking interim compensation. *See*, 11 U.S.C. § 331; Lawrence P. King, et al., *Collier on Bankruptcy*, ¶ 331.01[3] (15th ed. 2009).

10. In addition to minimizing the financial hardship on the Professionals, who must invest significant resources in this case, monthly compensation procedures will enable the Debtors to monitor even more efficiently the costs of administration of the estate, address any issues regarding such administrative expenses promptly, and implement efficient cash management procedures. Moreover, these procedures will allow the Court and parties in interest, including the United States Trustee, to monitor compensation sought in this case on a more frequent basis if so desired.

11. Pursuant to 11 U.S.C. § 330(a)(5), interim compensation is subject to disgorgement. This will lessen any risk of harm to Debtors, their estates and creditors that might result from

allowing the Professionals to receive interim compensation in this case each month. Additionally, the procedures set forth in the proposed Order attached hereto as **Exhibit "A"** include multiple safeguards protecting Debtors, the estates, and creditors, including a requirement that the monthly fee invoices be served on the United States Trustee's office and the SubChapter V trustee. Moreover, the Professional may be paid from non-debtor sources which further negates any impact on Debtors' estates.

12. For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of its estate.

**WHEREFORE**, the Debtors respectfully requests that this Court enter an order authorizing Professionals to be compensated based on the procedures set forth in the proposed Order attached hereto as **Exhibit "A"** and grant such other relief as is just and proper.

Prepared and submitted,
PAUL REECE MARR, P.C.
Debtors' counsel

/s/ Paul Reece Marr
Paul Reece Marr
Georgia Bar No. 471230
1640 Powers Ferry Road
Building 24, Suite 350
Marietta, GA 30067
770-984-2255
paul.marr@marrlegal.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **DUNWOODY LABS, INC., and** | : | **Case No. 22-53775-JWC** |
| **GEZIM AGOLLI,** | : | **Case No. 22-53776-JWC** |
| | : | |
| Debtors. | : | **Case No. 22-53775-JWC** |
| | : | |

## CERTIFICATE OF SERVICE

      This is to certify that I have on this day electronically filed the foregoing NOTICE and *MOTION* using the Bankruptcy Court's Electronic Case Filing program which sends a notice of this document and an accompanying link to this document to all registered parties who have filed appearances in the above captioned case. In addition, the undersigned has caused the pleadings to be served on the following parties at the addresses indicated via Regular U.S. mail, proper postage affixed to ensure delivery:

Lindsay P. S. Kolba
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303

Cameron M. McCord (Sub V Trustee)
Chapter 11 Subchapter V Trustee
Jones & Walden LLC
699 Piedmont Ave NE
Atlanta, GA 30308

Vivieon K Jones
DOJ-USAO
75 Ted Turner Drive SW, Suite 600
Atlanta, GA 30303

Kaminski Law PLLC
Shanna M. Kaminski
40950 Woodward Ave, Ste. 100
Bloomfield Hills, MI 48394

Michael P. Cooley
REED SMITH LLP
2850 N. Harwood, Suite 1500
Dallas, Texas 75201

James W. Hays
Hays Potter & Martin, LLP
Suite 300
3945 Holcomb Bridge Rd.
Peachtree Corners, GA 30092

Attn: Ally Bank Department
AIS Portfolio Services, LP
Account: XXXXXXXX4969
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

9

and the twenty largest unsecured creditors on the attached lists filed by the Debtors pursuant to FRBP 1007(d).


      This the 17th day of June, 2022.

/s/ Paul Reece Marr
Paul Reece Marr
GA Bar No. 471230

PAUL REECE MARR, P.C.
1640 Powers Ferry Road
Building 24, Suite 350
Marietta, GA 30067
Telephone: 770-984-2255
Email: paul.marr@marrlegal.com

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Dunwoody Labs, Inc.** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF GEORGIA,  ATLANTA DIVISION** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Bank of America, N.A.** **Bryan Moynihan, CEO** **100 N Tryon St** **Charlotte, NC 28202** | | **Second Draw Paycheck Protection Loan** | | | | $535,532.00 |
| **Bank of America, N.A.** **Bryan Moynihan, CEO** **100 N Tryon St** **Charlotte, NC 28202** | | **Paycheck Protection Loan** | | | | $535,531.00 |
| **Health Resources & Srvcs Admin** **US Dept Health & Human Srvcs** **5600 Fishers Lane** **Rockville, MD 20857** | | **HHS Grant (to be forgiven upon submission of proper documentation)** | | | | $526,744.76 |
| **LabCorp** **PO Box 12140** **Burlington, NC 27216-2140** | | note payable | | | | $234,405.59 |
| **FedEx Corporate Services, Inc.** **c/o C. Edward Klank III, Sec'y** **942 South Shady Grove Road** **Memphis, TN 38120-4117** | | account payable | **Contingent Unliquidated Disputed** | | | $168,169.47 |
| **Seracare Life Sciences** **PO Box 417605** **Boston, MA 02241-7605** | | account payable | | | | $74,000.81 |

Debtor    **Dunwoody Labs, Inc.**                                                        Case number *(if known)*
_____                                    _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Phenix Research Thomas Scientific 73 Ridgeway Road Candler, NC 28715** | | account payable | | | | $73,469.12 |
| **American Express PO Box 981535 El Paso, TX 79998-1535** | | credit card account | | | | $45,864.15 |
| **Oxendine Law Group John W. Oxendine, Esq. 4370 Peachtree Rd NE 1st Floor Atlanta, GA 30319** | | account payable | | | | $35,000.00 |
| **Doctors Data 3755 Illinois Avenue Saint Charles, IL 60174-2420** | | account payable | | | | $31,949.76 |
| **United Parcel Service PO Box 7247-0244 Philadelphia, PA 19170-0001** | | account payable | | | | $27,900.85 |
| **Bank of America PO Box 660441 Dallas, TX 75266-0441** | | credit card account | | | | $27,222.45 |
| **Kailos Genetics, Inc. 601 Genome Way Huntsville, AL 35806** | | account payable | | | | $25,000.00 |
| **McKesson Medical-Surgical, Inc PO Box 933027 Atlanta, GA 31193-3027** | | account payable | | | | $23,087.96 |
| **EMD Millipore 400 Summit Drive Burlington, MA 01803** | | account payable | | | | $21,354.98 |
| **Grenova LLC 2600 Decatur St, #24 Richmond, VA 23224** | | account payable | | | | $16,915.50 |
| **Toshiba Financial Solutions PO Box 105710 Atlanta, GA 30348-5710** | | account payable | | | | $14,572.45 |

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

| Debtor | **Dunwoody Labs, Inc.** | | | Case number *(if known)* | | |
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **The Other Printer 109 Elliot Industrial Drive Suite D Woodstock, GA 30189** | | **account payable** | | | | $12,770.13 |
| **LabCorp PO Box 12140 Burlington, NC 27216-2140** | | **account payable** | | | | $11,651.85 |
| **Bio Tran Inc. PO Box 1167 Suwanee, GA 30024** | | **account payable** | | | | $6,548.24 |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Gezim Agolli** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF GEORGIA,  ATLANTA DIVISION |
| Case number (if known) | **22-53776-JWC** |

☐ Check if this is an amended filing

---

## B 104

# For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders

**12/15**

If you are an individual filing for bankruptcy under Chapter 11, you must fill out this form. If you are filing under Chapter 7, Chapter 12, or Chapter 13, do not fill out this form. Do not include claims by anyone who is an insider. Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20 percent or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor.  11 U.S.C. § 101.  Also, do not include claims by secured creditors unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.

**Part 1:    List the 20 Unsecured Claims in Order from Largest to Smallest.  Do Not Include Claims by Insiders.**

| | | | Unsecured claim |
|---|---|---|---|

**1**

Bank of America, N.A.
Bryan Moynihan, CEO
100 N Tryon St
Charlotte, NC 28202

| What is the nature of the claim? | possible personal liability for corporate PPP loans | $1,071,064.00 |
|---|---|---|

As of the date you file, the claim is: Check all that apply
- ■ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

Does the creditor have a lien on your property?
- ■ No
- ☐ Yes. Total claim (secured and unsecured)
  - Value of security:                   -
  - Unsecured claim

_____
Contact

_____
Contact phone

---

**2**

U.S. Small Business Admin.
Office of Disaster Assistance
14925 Kingsport Road
Fort Worth, TX 76155

| What is the nature of the claim? | personal guaranty of business SBA EIDL loan | $500,000.00 |
|---|---|---|

As of the date you file, the claim is: Check all that apply
- ■ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

Does the creditor have a lien on your property?
No

---

B104 (Official Form 104)          For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims          Page 1

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1    **Gezim Agolli**    Case number *(if known)*    **22-53776-JWC**

Contact

Yes. Total claim (secured and unsecured)
Value of security:    -
Unsecured claim

Contact phone

---

| 3 | **Swift Financial, LLC servicing agent for WebBank**<br>**3505 Silverside Road**<br>**Wilmington, DE 19810** | What is the nature of the claim?    **Arbitration Award**    **$215,489.20** |

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
■ None of the above apply

Does the creditor have a lien on your property?
■ No
☐ Yes. Total claim (secured and unsecured)
Value of security:    -
Unsecured claim

Contact

Contact phone

---

| 4 | **Fox Capital Group, Inc.**<br>**Joe Rapoport, President**<br>**1920 E Hallandale BchBlvd #503**<br>**Hallandale, FL 33009** | What is the nature of the claim?    **personal guaranty of business Future Receivables Sale and Purchase Agreement**    **$125,000.00** |

As of the date you file, the claim is: Check all that apply
■ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
■ No
☐ Yes. Total claim (secured and unsecured)
Value of security:    -
Unsecured claim

Contact

Contact phone

---

| 5 | **American Express**<br>**P.O. Box 981535**<br>**El Paso, TX 79998-1535** | What is the nature of the claim?    **personal liability for business credit card (PNC Store, Inc.)**    **$96,192.21** |

As of the date you file, the claim is: Check all that apply
■ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
■ No
☐ Yes. Total claim (secured and unsecured)
Value of security:    -
Unsecured claim

Contact

Contact phone

---

B 104 (Official Form 104)    For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    Page 2

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | **Gezim Agolli** | | Case number *(if known)* | **22-53776-JWC** |
|---|---|---|---|---|

| 6 | | What is the nature of the claim? | personal guaranty of business LoanBuilder merchant advance funding | $60,882.90 |
|---|---|---|---|---|

**PayPal**
3505 Silverside Road
STE 200
Wilmington, DE 19810-4905

As of the date you file, the claim is: Check all that apply
- ■ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

Does the creditor have a lien on your property?
- ■ No
- ☐ Yes. Total claim (secured and unsecured)
  - Value of security:           -
  - Unsecured claim

Contact

Contact phone

---

| 7 | | What is the nature of the claim? | personal liability for business credit card (Precision Analysis Lab, LLC) | $60,658.13 |
|---|---|---|---|---|

**Bank of America**
PO Box 660441
Dallas, TX 75266-0441

As of the date you file, the claim is: Check all that apply
- ■ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

Does the creditor have a lien on your property?
- ■ No
- ☐ Yes. Total claim (secured and unsecured)
  - Value of security:           -
  - Unsecured claim

Contact

Contact phone

---

| 8 | | What is the nature of the claim? | personal liability for business credit card (Progressive Medical Management, Inc.) | $58,704.75 |
|---|---|---|---|---|

**American Express**
P.O. Box 981535
El Paso, TX 79998-1535

As of the date you file, the claim is: Check all that apply
- ■ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

Does the creditor have a lien on your property?
- ■ No
- ☐ Yes. Total claim (secured and unsecured)
  - Value of security:           -
  - Unsecured claim

Contact

Contact phone

---

| 9 | | What is the nature of the claim? | personal liability for business credit card (Progressive Medical | $48,776.53 |
|---|---|---|---|---|

B 104 (Official Form 104)      For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims                Page 3

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

| Debtor 1 | **Gezim Agolli** | | Case number *(if known)* | **22-53776-JWC** |

|  | | Management, Inc.) | | |
|---|---|---|---|---|
| ▰ **American Express**<br>P.O. Box 981535<br>El Paso, TX 79998-1535 | | | | |

**As of the date you file, the claim is:** Check all that apply

- ▰ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**

- ▰ No
- ☐ Yes. Total claim (secured and unsecured)

Contact

Contact phone

Value of security:      -  _____
Unsecured claim          _____

---

**10**

**JPMORGAN CHASE BANK N A
BANKRUPTCY MAIL INTAKE
TEAM
700 KANSAS LANE FLOOR 01
Monroe, LA 71203-4774**

**What is the nature of the claim?**    **personal liability for
business credit card
(Progressive Medical
Management, Inc.)**    $46,553.04

**As of the date you file, the claim is:** Check all that apply

- ▰ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**

- ▰ No
- ☐ Yes. Total claim (secured and unsecured)

Contact

Contact phone

Value of security:      -  _____
Unsecured claim          _____

---

**11**

**American Express**
P.O. Box 981535
El Paso, TX 79998-1535

**What is the nature of the claim?**    **personal liability for
business credit card
(Dunwoody Labs, Inc.)**    $45,864.15

**As of the date you file, the claim is:** Check all that apply

- ▰ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

**Does the creditor have a lien on your property?**

- ▰ No
- ☐ Yes. Total claim (secured and unsecured)

Contact

Contact phone

Value of security:      -  _____
Unsecured claim          _____

---

**12**

**Bank of America
Attn: Bankruptcy
Po Box 982234
El Paso, TX 79998**

**What is the nature of the claim?**    **Credit Card**    $43,888.00

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- None of the above apply

---

B 104 (Official Form 104)          For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims          Page 4

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor 1 | **Gezim Agolli** | | Case number *(if known)* | **22-53776-JWC** |
|---|---|---|---|---|

■

Does the creditor have a lien on your property?

■ No

☐ Yes. Total claim (secured and unsecured)

Value of security:                    -

Unsecured claim

---

**13**

**Bank of America**
**PO Box 660441**
**Dallas, TX 75266-0441**

What is the nature of the claim?    **personal liability for business credit card (Progressive Medical Management, Inc.)**    $37,198.46

As of the date you file, the claim is: Check all that apply

■ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?

■ No

☐ Yes. Total claim (secured and unsecured)

Value of security:                    -

Unsecured claim

Contact

Contact phone

---

**14**

**Bank of America**
**PO Box 660441**
**Dallas, TX 75266-0441**

What is the nature of the claim?    **personal liability for business credit card (Dunwoody Labs, Inc.)**    $27,222.45

As of the date you file, the claim is: Check all that apply

■ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?

■ No

☐ Yes. Total claim (secured and unsecured)

Value of security:                    -

Unsecured claim

Contact

Contact phone

---

**15**

**Bank of America**
**PO Box 660441**
**Dallas, TX 75266-0441**

What is the nature of the claim?    **personal liability for business credit card (Regenesis Medical Management, Inc.)**    $22,121.65

As of the date you file, the claim is: Check all that apply

■ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?

No

---

B 104 (Official Form 104)                    For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims                    Page 5

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Gezim Agolli** | | Case number *(if known)* | **22-53776-JWC** |
|---|---|---|---|---|

---

Contact

Contact phone

☐ Yes. Total claim (secured and unsecured)
    Value of security:  - _____
    Unsecured claim     _____

---

**16**

**American Express**
P.O. Box 981535
El Paso, TX 79998-1535

Contact

Contact phone

What is the nature of the claim?  **personal liability for business credit card (PNC Store, Inc.)**  $20,837.38

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☐ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:  - _____
    Unsecured claim     _____

---

**17**

**Bank of America**
Attn: Bankruptcy
Po Box 982234
El Paso, TX 79998

Contact

Contact phone

What is the nature of the claim?  **Credit Card**  $19,636.00

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☐ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:  - _____
    Unsecured claim     _____

---

**18**

**Bank of America**
PO Box 660441
Dallas, TX 75266-0441

Contact

Contact phone

What is the nature of the claim?  **personal liability for business credit card (Progressive Medical Management, Inc.)**  $19,293.46

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

Does the creditor have a lien on your property?
☐ No
☐ Yes. Total claim (secured and unsecured)
    Value of security:  - _____
    Unsecured claim     _____

---

B 104 (Official Form 104)    For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    Page 6

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1    **Gezim Agolli**                                               Case number *(if known)*    **22-53776-JWC**

| 19 | | What is the nature of the claim? | **personal liability for business credit card (Progressive Medical Management, Inc.)** | **$18,526.32** |

**Bank of America**
PO Box 660441
Dallas, TX 75266-0441

As of the date you file, the claim is: Check all that apply

- ■ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ None of the above apply

Does the creditor have a lien on your property?

- ■ No
- ☐ Yes. Total claim (secured and unsecured)
  - Value of security:                    -
  - Unsecured claim

Contact

Contact phone

---

| 20 | | What is the nature of the claim? | **Credit Card** | **$17,408.00** |

**JPMORGAN CHASE BANK N A BANKRUPTCY MAIL INTAKE TEAM**
700 KANSAS LANE FLOOR 01
Monroe, LA 71203-4774

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ■ None of the above apply

Does the creditor have a lien on your property?

- ■ No
- ☐ Yes. Total claim (secured and unsecured)
  - Value of security:                    -
  - Unsecured claim

Contact

Contact phone

---

**Part 2:    Sign Below**

Under penalty of perjury, I declare that the information provided in this form is true and correct.

X    **/s/ Gezim Agolli**                                          X
     **Gezim Agolli**                                                  Signature of Debtor 2
     Signature of Debtor 1

Date    **May 26, 2022**                                    Date

B 104 (Official Form 104)              For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims                    Page 7

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

**Exhibit "A"**
**<u>Proposed Order</u>**

11

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **DUNWOODY LABS, INC., and** | : | Case No. 22-53775-JWC |
| **GEZIM AGOLLI,** | : | Case No. 22-53776-JWC |
| | : | |
| Debtors. | : | Case No. 22-53775-JWC |
| | : | |

### ORDER ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

WHEREAS, this matter was scheduled to come before the Court on July 28, 2022, on the Motion of Dunwoody Labs, Inc., and Gezim Agolli (collectively, the "**Debtors**") to Establish Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals filed on June 17, 2022 [Doc. No. 58] (the "**Motion**").[1] Upon consideration of the Motion, it appears that the procedures proposed by Debtors will aid in the efficient administration of Debtors' operations and estates and are consistent with the best interests of the Debtors and their estates. Notice of the opportunity to respond and for hearing having been provided pursuant to the procedures set forth in the Second Amended and Restated General Order No. 24-2018; and no response to the Motion having been filed prior to the response deadline; the Court having considered the Motion and all other matters of record, including the lack of a response to the Motion; and based on the forgoing, no further notice or hearing is required; the Court finds that good cause exists to grant the relief requested in the Motion.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED on the terms and conditions set forth herein.

2. The following procedures shall govern compensation of professionals authorized to be retained in this case ("**Professionals**").

---

1 Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

a. With the exception of Professionals performing services on the basis of a flat fee authorized by this Court at the time of such Professional's engagement, all Professionals employed in this case, whether upon a time basis, a deposit basis, or for a contingent fee, shall keep detailed records of all time and expenses expended in connection with the case in accordance with Section 330 of the Bankruptcy Code and the fee application guidelines published by the United States Trustee, including the requirement of itemizing professional time charges following a project billing format.

b. Each Professional shall be permitted to serve on Debtors, counsel for the Debtors (in the situation of Professionals such as appraisers, accountants, or other professionals after authorization of retention by the Court), the Office of the United States Trustee, the SubChapter V trustee, and any other party in interest requesting service of fee statements, an itemized statement of fees and expenses incurred by the Professional, reflecting the person providing such services, a detailed description of such services, and time related to each specific service in increments of one-tenth of an hour, which may be served not more than once per month (a **"Monthly Statement"**). The Professional shall then provide copies thereof (via email) to the United States Trustee and all parties who have filed a notice of appearance in the case.

c. Any party receiving such a Monthly Statement shall have 14 days from the date of service within which to serve upon the Professional applying for such compensation, and upon Counsel for Debtors, the United States Trustee, the SubChapter V trustee, and any parties in interest who have requested service of notices of fee statements in this case, written objections, which shall specifically identify the time or expense objected to and shall state the reason(s) for such objection. Objections may be served by email or by regular mail, but if served by regular mail, such objection must be received within 14 days from the date of service of the Monthly Statement.

d. If no written objection is received to a Monthly Statement within 14 days of service, as stated above, then the Professional shall file a Notice Regarding Certificate of No Objection with the Court (substantially in the form of **Exhibit "1"** attached hereto). Upon filing of the Certificate, Debtors (or a non-debtor third party affiliated with Debtors) may pay the fees and expenses (to which no objection is filed) subject to the terms of this Order. If a written objection

13

to the Monthly Statement is timely filed, then, after the expiration of the 14-day notice and objection period, the portion of the Monthly Statement which is not in dispute shall nevertheless be paid by the Debtors (or setoff from existing retainers). The portion of the Monthly Statement which is in dispute shall not be paid unless and until and order of the Court directs such payment or until such objection is withdrawn.

e. Professionals shall submit to the Court periodic Applications for interim compensation in accordance with Section 331 of the Bankruptcy Code, wherein the Professional shall provide the billing information required by the United States Trustee's guidelines for all services performed prior to such date. Debtors shall serve a copy of such Applications in accordance with Bankruptcy Rule 2002(a)(6) upon the appropriate parties. Objections by any party-in-interest to any such application and requested compensation shall be in writing and shall be served upon the Professional, the United States Trustee, and the SubChapter V trustee within 21 days of service of the Application. Any objection which is not so timely served shall be waived. If no objection is timely served, the Court may enter an order granting the Application in accordance with the Second Amended and Restated General Order No. 24-2018.

f. All compensation is subject to final allowance in accordance with Section 330 of the Bankruptcy Code.

g. In the case of any Professional compensated other than on a time-billing basis, such Professional shall nevertheless file reports of all time expended and expenses incurred along with a disclosure of all amounts paid by Debtors on account thereof, at the same intervals and in the same manner as required of professionals employed upon the basis of time billing.

h. Interim payments received in accordance with the procedures outlined above shall be applied to the fees and expenses itemized, subject to disgorgement or offset if such fees are not approved by the Court upon a hearing on a final fee application as to reasonableness of amount of total compensation.

3. The Debtors shall serve this Order upon the United States Trustee, the SubChapter V trustee, the twenty largest unsecured creditors on the attached lists filed by the Debtors pursuant to FRBP 1007(d), and all parties who have filed a notice of appearance in the case within three

14

business days of entry of this Order and shall file a certificate of service with the Court
evidencing service.


**END OF ORDER**


Prepared and submitted,
PAUL REECE MARR, P.C.
Debtors' counsel

/s/ Paul Reece Marr
Paul Reece Marr
Georgia Bar No. 471230
1640 Powers Ferry Road
Building 24, Suite 350
Marietta, GA 30067
770-984-2255
paul.marr@marrlegal.com

15

**Distribution List**

Lindsay P. S. Kolba
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303

Cameron M. McCord (Sub V Trustee)
Chapter 11 Subchapter V Trustee
Jones & Walden LLC
699 Piedmont Ave NE
Atlanta, GA 30308

Paul Reece Marr
Paul Reece Marr, P.C.
1640 Powers Ferry Road
Building 24, Suite 350
Marietta, GA 30067

Dunwoody Labs, Inc.
Attn: Gezim Agolli
9 Dunwoody Park
Suite 121
Dunwoody, GA 30338

Gezim Agolli
3862 Teesdale Ct.
Atlanta, GA 30350

**EXHIBIT "1"**

**Form Certificate of No Objection**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **DUNWOODY LABS, INC., and** | : | **Case No. 22-53775-JWC** |
| **GEZIM AGOLLI,** | : | **Case No. 22-53776-JWC** |
| | : | |
| Debtors. | : | **Case No. 22-53775-JWC** |
| | : | |

## NOTICE REGARDING CERTIFICATE OF NO OBJECTION

COMES NOW _____ ("**Applicant**") in the above-referenced Bankruptcy Case, and files this Certificate of No Objection, and shows the Court the following:

1. In accordance with the Order of this Court Establishing Compensation Procedures For Professionals entered on _____, 2021 (the "**Compensation Procedure Order**"), the Applicant caused to be served a monthly invoice (the "**Monthly Fee Statement**") on _____ for the period of time beginning _____ and ending _____.

2. The Applicant's Monthly Fee Statement was served upon the proper parties per the Compensation Procedures Order.

3. As set forth in the Compensation Procedures Order, each party receiving a copy of the Monthly Fee Statement had 14 days after service of the Monthly Fee Statement serve a written objection to payment of any of the time charges or expenses itemized in such Monthly Fee Statement. The deadline for objections was _____. The Applicant has not received any objections to the Monthly Fee Statement, and the records of the Court indicate that the Court has received no objection. [Alternatively, include information about any objections raised to the Monthly Fee Statement.]

4. The Applicant hereby certifies that, to the best of the Applicant's knowledge and belief, as follows:  (a) the Debtor is current on all fees owed to the United States Trustee; (b) the Debtor has filed all monthly operating reports then due or otherwise filed all monthly operating

18

reports owing as of the date of this Certification; (c) the United States Trustee has not advised the Debtor of any deficiencies with respect to any filed monthly operating reports or, if deficiencies have been noted, the Debtor has corrected any such deficiencies; (d) to Applicant's knowledge, information, and belief, the Debtor is not delinquent in payment any administrative expense, including post-petition taxes, insurance, and trade debt; and (e) as of the date of this Certification, Applicant is unaware of any Court-ordered deadlines, deadlines under applicable provisions of the Bankruptcy Code, or deadlines under applicable Bankruptcy Rules or Local Rules with which the Debtor is not in compliance.

 5. In accordance with the Compensation Procedures Order, the Debtor is authorized to pay fees in the amount of ($_____) and expenses in the amount of ($_____) submitted by Applicant in its Monthly Fee Statement, which fees and expenses total $_____, as no objections have been filed within the time permitted by the Compensation Procedures Order. [Alternatively, describe the amount of fees and expenses requested in the Monthly Fee Statement that were not objected to.]


  This _____ day of _____, 2022.


(FIRM NAME)

BY:


_____

(Name of Person signing pleading)

Bar No. _____

(Insert Address, Phone No. and Email Address)